the court members of the relevant sentence evidence it should consider. That the court members responded to the instructions is apparent from the sentence they adjudged. The accused was subject to a dishonorable discharge and confinement at hard labor for thirty years; the court members imposed a sentence extending to a bad-conduct discharge and confinement at hard labor for one year. See United States v Mabry, 17 USCMA 285, 38 CMR 83. We, therefore, answer in the affirmative the second certified question which asks whether "the law officer's instructions on the sentence [were] adequate under U. S. v Wheeler," supra.

The decision of the board of review is affirmed.

Judges FERGUSON and DARDEN concur.

UNITED STATES, Appellee

v

ONEAL E. HAMM, Corporal, U. S. Marine Corps, Appellant

18 USCMA 208, 39 CMR 208

No. 21,526

March 21, 1969

Lieutenant Norman A. Wulf, JAGC, USNR, and Lieutenant Stephen W. Grafman, JAGC, USNR, were on the pleadings for Appellant, Accused.

Lieutenant Ray M. Druley, JAGC, USNR, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

We granted review in this case to determine whether Article 38(b), Uniform Code of Military Justice, 10 USC § 838, had been complied with. The record reflects that, at the outset, a *pro forma* inquiry was made to determine whether the accused had been advised of his rights concerning counsel as set forth in Article 38(b) of the Code.

In United States v Donohew, 18 USCMA 149, 39 CMR 149, decided March 7, 1969, we held that this type of inquiry constituted *minimal* compliance with Article 38(b). However, as we stated in *Donohew*:

"We believe the seriousness of the situation dictates that *the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder,*

208

"*Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this* [Donohew] *opinion should reflect this requirement has* been met. United States v Rinehart, 8 USCMA 402, 24 CMR 212." [Emphasis supplied in part.]

The decision of the board of review is affirmed.

UNITED STATES, Appellee

v

VIRGIL L. HAMILTON, Private,
U.S. Marine Corps, Appellant

18 USCMA 209, 39 CMR 209

No. 21,555

March 21, 1969

*Captain Frank A. Nelson,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, was on the pleadings for Appellee, United States.

Opinion of the Court

PER CURIAM:

We granted review in this case to determine whether Article 38(b), Uniform Code of Military Justice, 10 USC § 838, had been complied with. The record reflects that, at the outset, a *pro forma* inquiry was made to determine whether the accused had been advised of his rights concerning counsel as set forth in Article 38(b) of the Code.

In United States v Donohew, 18 USCMA 149, 39 CMR 149, decided March 7, 1969, we held that this type of inquiry constituted *minimal* compliance with Article 38(b). However, as we stated in *Donohew:*

"We believe the seriousness of the situation dictates that *the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder.*

"*Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this* [Donohew] *opinion should reflect this requirement has been met.* United States v Rinehart,